UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FALLON S. COOKSEY and BILLY R. WASHINGTON,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOBAL TRUST MANAGEMENT, LLC,<br><br>    Defendant. | Case No. 4:20-cv-03191 |

## COMPLAINT

NOW COME the Plaintiffs, FALLON S. COOKSEY and BILLY R.WASHINGTON, through undersigned counsel, complaining of Defendant, GLOBAL TRUST MANAGEMENT, LLC as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*, and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. FALLON S. COOKSEY and BILLY R. WASHINGTON ("Fallon" individually, "Billy" individually, the "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(39).

8. Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. GLOBAL TRUST MANAGEMENT, LLC ("GTM") is a limited liability company organized under the laws of the state of Florida.

10. GTM has its principal place of business at 4805 West Laurel Street, Suite 300, Tampa, Florida 33607.

11. GTM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of GTM's business is the collection of debt.

12. GTM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. GTM is a "person" as defined by 47 U.S.C. § 153(39).

14. GTM is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

15. At all times relevant, Fallon was the sole operator, possessor, and subscriber of the number ending in 5941.

16. At all times relevant, Fallon's number ending in 5941 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Fallon was financially responsible for her cellular telephone equipment and services.

18. In March 2017, Billy obtained a payday loan through online lender, "Check 'n Go" which he later defaulted on, thus incurring debt.

19. Fallon started to receive phone calls from GTM seeking to collect $468.84.

20. Billy's $468.84 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. Billy's $468.84 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

22. On multiple occasions, Fallon answered.

23. Each time Fallon answered, she was met by clear pause, and was forced to say "Hello, Hello, Hello" prior to being transferred to an agent of GTM.

24. On multiple occasions, Fallon stated: "remove my number."

25. Regrettably, these phone calls continued.

26. Specifically, on January 8, 2020, GTM called Fallon.

27. Immediately, Fallon brought up previous requests to "remove this number."

28. GTM's representative told Fallon that "[s]he can not do that."

29. Overhearing this conversation, Billy spoke up.

30. GTM's representative immediately transferred this call to Ms. Jeanette Herdt ("Herdt").

31. Herdt told Billy that they were seeking to collect $468.84 on behalf of Check 'n Go.

32. Herdt also told Billy that he had not "paid a dime," before asking what Billy's plan is.

3

33. Billy then told Herdt to talk to Fallon.

34. Herdt asked Fallon if they were refusing payment.

35. Before responding, Fallon once more told Herdt that she had previously instructed GTM to "remove this number."

36. Herdt asked why the number should be removed; that they owed debt; that they can't hide from it.

37. Fallon told Herdt that they requested that GTM "remove this number three months prior" before ending this call.

38. All in all, Fallon received dozens of unwanted, unauthorized, *unconsented-to* phone calls from numbers leading back to GTM – including, (863) 457-4657.

39. On January 8, 2020, GTM sent written correspondence.

40. This correspondence said:

> RE: Consumer: Billy Washington
> Current Creditor: Global Trust Management LLC
> Original Creditor: Check 'N Go
> Original Acct No: 2664****-CNG
> GTM Acct No: 14386351
>
> Balance: $468.84
>
> Global Trust Management shows a total balance due of $468.84 as of today.
>
> Call us for payment options.
>
> If you have further questions, please call 1-844-421-7500
>
> Professionals are available to assist you Mon.-Tues. 11:00 a.m. – 8:00 p.m. EST, Wed.-Fri., 9:00 a.m.-6:00 p.m.
>
> Sincerely,
>
> *Jeanette Herdt #844-551-2831*
> Global Trust Management

4

> *This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.*

41. This correspondence was the initial written correspondence from GTM.

42. This correspondence did not afford notice of Billy's rights pursuant to section 1692g.

43. Billy, concerned with having had his rights violated, sought counsel to ensure that GTM's unlawful collection practices stopped.

44. GTM's phone calls resulted in aggravation that accompanies unwanted, unauthorized, unconsented-to phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Fallon's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Fallon's time.

45. Fallon, concerned with having had her rights violated, sought counsel to ensure that GTM's unlawful collection call campaign stopped.

46. Accordingly, Plaintiffs were forced to expend energy/time consulting with attorneys as direct result of GTM's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

48. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

49. GTM violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Fallon despite Fallon's request(s) that GTM stop calling.

50. GTM's behavior of continuing to place phone calls to Fallon was abusive, harassing, and oppressive.

### Violation(s) of 15 U.S.C. § 1692g

51. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

52. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

53. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

54. GTM violated 15 U.S.C. § 1692g(a) by failing to provide the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

55. Plaintiffs may enforce the provisions of 15 U.S.C. §§ 1692d(5) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that GTM violated 15 U.S.C. §§ 1692d(5) and g(a);

B. an award of any actual damages sustained by Plaintiffs as a result of GTM's violation(s);

    C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

56. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. GTM placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Fallon's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Fallon's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

58. Upon information and belief, based on the "clear pause" Fallon experienced, GTM employed an ATDS to place calls to Fallon's cellular telephone.

59. Upon information and belief, the ATDS employed by GTM transfers the call to a live representative once a human voice is detected, hence the clear pause.

60. Upon information and belief, the ATDS employed by GTM has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

61. Upon information and belief, GTM acted through its agents, employees, and/or representatives at all times relevant.

62. As a result of GTM's violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

63. As a result of GTM's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiffs request the following relief:

A. a finding that GTM violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

64. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

65. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

66. GTM violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Fallon in spite of Fallon's request(s) that they stop.

67. Fallon may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

> (1) injunctive relief to prevent or restrain a violation of this chapter; and

> (2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Fallon requests the following relief:

A. a finding that GTM violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: September 14, 2020                    Respectfully submitted,

**FALLON COOKSEY & BILLY WASHINGTON**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com